UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DESIREE PHELAN, et al.,

                Plaintiffs,

- against -

MARISOL TORRES, et al.,

                Defendants.
------------------------------------------------------X

**ORDER**

04 CV 3538 (ERK)

On August 17, 2004, John Phelan and Ellien Phelan, commenced this action individually and on behalf of their infant daughter, against the City of New York (the "City"), St. Vincent's Services, Inc. ("St. Vincent's"), and various employees of the City and St. Vincent's, pursuant to 42 U.S.C. § 1983, alleging that defendants had violated the infant plaintiff's constitutional rights by placing her in an abusive foster care home, by failing to adequately supervise and protect her from assault, and by failing to seek appropriate medical care for the injuries she suffered. The adult plaintiffs have alleged various derivative claims, seeking reimbursement for the cost of care that they are required to expend as a result of defendants' alleged wrongdoing.

On March 11, 2010, the City defendants filed a letter motion to disqualify plaintiff's counsel based on an alleged conflict of interest. For the reasons set forth below, the motion is denied.

## DISCUSSION

The City defendants argue that plaintiffs' counsel should be disqualified pursuant to Rule 1.7 of the New York Rules of Professional Conduct which provides in relevant part as follows:

[A] lawyer shall not represent a client if a reasonable lawyer would conclude that

1

> either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests. . . . [however] a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client. . . .

N.Y. Rules of Prof. Conduct 1.7(a), 22 N.Y.C. R.R. § 1200. Defendants contend that plaintiffs' counsel, who currently represents both the parents and the adopted child in the instant action, has placed the interests of the parents above those of the child and thus disqualification is required. Specifically, defendants point out that over a year ago, the adult plaintiffs were given an offer to settle the infant's claims against the City defendants and the parents rejected that offer, choosing instead to continue to pursue the infant's claims.[2] Apparently, an overture was recently made by plaintiffs' counsel on behalf of the parents, seeking to settle the parents' claims for reimbursement of expenses incurred in caring for the child. Defendants contend that by attempting to settle the parents' claims, counsel placed the adult clients' interests before the child's interests, thus creating a conflict. Defendants also argue that the adult plaintiffs have not been acting in the child's interest insofar as they blocked settlement of the child's claims.

In support of the motion for disqualification, defendants cite to the decision in Wright v. Area Bus Corp., 179 Misc. 2d 289, 684 N.Y.S.2d 841 (Sup. Ct. Kings Cty. 1998). In that case, the parents sued defendant for injuries sustained in a car accident, recovered a large settlement, and only after reaching the settlement, filed a claim on behalf of their child. Finding that the parents may have prejudiced the claim of the child, the judge ruled that a guardian *ad litem*

---

[2]The Court notes that the infant is seeking damages for extensive physical and mental injuries incurred during the period of time that the child was in foster care. The Phelans adopted the child sometime thereafter with the full knowledge of her condition.

should be appointed. Specifically, the judge was concerned that insofar as the defendant had limited resources and had paid a significant amount to settle the parents' claims, there might not be sufficient funds left to compensate the child.

However, in this case, the same concerns are not present. As a preliminary matter, the City defendants have rejected any offer to settle the parents' claims apart from the child's claims, and there is no offer whatsoever currently pending from the City defendants. Thus, the comparative distribution of settlement resources between parent and child is not an issue here. Moreover, plaintiffs' counsel argues that there is no conflict in any event; by offering to settle the parents' separate and much smaller claims ahead of the infant's claims, the parents were simply attempting to streamline the issues for trial. A settlement of the parents' claim for reimbursement of expenses would then limit the trial to the child's claims and would remove any potential distractions from the child's claims. Finally, unlike the parents in Wright, who recovered a large sum in settlement, the amount sought by the Phelans to settle their claims is not only far less than the amount at issue in the child's claims, but even if the City defendants were to settle with the adult plaintiffs, it is unlikely that such an amount would seriously impact on the City's ability to compensate the infant here.

"Disqualification motions based on conflicts of interest places a heavy burden on the moving party to demonstrate that disqualification is appropriate." Hollenbeck v. Boivert 330 F. Supp. 2d 324, 336 (S.D.N.Y. 2004) (citing Evans v. Artek Systems Corp., 715 F.2d 788 (2d Cir. 1983)). After reviewing the facts, the Court finds that the City defendants have not satisfied that burden and have not demonstrated a conflict of interest at this time.

With respect to the argument that the parents are not acting in the best interest of their

child and that their interests have diverged, the Court disagrees. The Court spoke to the parents at the time that the settlement offered to the child was rejected and the Court had no concern then that the parents' reasoning was based on anything other than a sincerely held belief in what was best for their child. The Court further finds that the parents' recent attempt to settle their own rather minimal claims was not in conflict with the position taken on defendants' earlier settlement offer to the child. In short, the Court finds that defendants have failed to demonstrate any alleged conflict of interest between the child's interests and those of the parents; the parents have not in any way harmed their child's claims by virtue of their offer to settle their own claims separately and at a significantly lesser amount in order to remove them as potential distractions to the case. This is particularly so because no offer has been made in response to the parents' overtures and therefore none of the plaintiffs' claims are subject to potential settlement.

Similarly, the Court finds no conflict that would require disqualification of plaintiffs' counsel. The defendants have not identified any action taken by counsel that would jeopardize the infant plaintiff's claims or that demonstrates that counsel is placing the interests of the parents over that of the infant. Accordingly, the Court denies the City defendants' motion for disqualification. See Mercedes v. Blue, No. 00 CV 9225, 2001 WL 527477 (S.D.N.Y. May 17, 2001) (finding no conflict of interest where counsel represented both parents and their children in a § 1983 action against City of New York for wrongful removal of the children and refusing to appoint guardian *ad litem*); see also Hollenbeck v. Boivert, 330 F. Supp. 2d 324, 336 (S.D.N.Y. 2004) (same).

Defendant's motion to disqualify counsel and the law firm of Lansner Kubitschek is therefore denied.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 31, 2010

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York